UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRACIE STEINBERG and LUCAS STEINBERG,

Plaintiffs,

-against-

ROBERT LINK, V.P. and CHUBB INSURANCE COMPANY, et al.,

Defendants.

07 Civ. 974 (RMB)

**ORDER**

## I. Background

On or about February 9, 2007, Gracie Steinberg ("Plaintiff"), proceeding pro se, filed a complaint ("Complaint") against Robert Link (Vice President of Vigilant Insurance Company), Masterpiece Home Owner's Co-op Policy for the Chubb Insurance Company, John A. Nocera, Esq., Jim Detweiler, Rodney Patterson, Tom Florkowski, Peter Ricones, Neil Rappaport, Douglas Elliman (733 Co-op Manager), Jerry Mirro, Patrick Higgins, Wellington Cabrera, Wendy Gold, 733 Park Avenue Co-op Board, St. Paul Travelers Insurance Company, Kenneth McCallum, Eric Rosen, Gregory Messer, James LaRossa, Jeffrey Burk, Michael Bowe, Greg DeNello, Leonard Zack, and Marie Malazzo (collectively, "Defendants"), alleging—as best as can be discerned from the difficult to understand and handwritten Complaint—that Defendants "violated [her] civil rights" by "knowingly hiding the toxic mold [found in her home] for 16 months" and "leaving [her] family homeless, without finances or resources." (Compl. at 1.) Plaintiff seeks $40 million in damages. (Compl. at 1.) On or about April 2, 2007, Plaintiff filed an Amended Complaint, including her son, Lucas Steinberg, as a co-plaintiff (together,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-18-07

"Plaintiffs"), adding many more defendants, and increasing her demand to $180 million to redress the "toxic [mold] cover-up too unbelievable to be believed."[1] (Am. Compl. at 1–2.)

On or about August 9, 2007, several Defendants, including the Board of Directors of 733 Tenants Corporation, Wendy Gold, Neil Rappaport, Patrick Higgins, Wellington Cabrera, and James LaRossa (collectively, "Moving Defendants"), filed a joint motion to dismiss the Complaint pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), arguing, among other things, that (1) Moving Defendants "have not been properly served in this action . . . [and] therefore, this Court lacks personal jurisdiction over them"; and (2) "Plaintiffs' Complaint . . . [is] unintelligible [and] utterly fails to state a cause of action . . . ." (Mem. of Law in Supp. of Defs.' Jt. Mot. to Dismiss Pl.'s Compl., dated Aug. 8, 2007 ("Defs.' Mem.") at 1.)[2]

Plaintiffs' opposition to the motion was due on or before September 5, 2007 (see Tr. of Proceedings, dated July 11, 2007, at 8:10–14), but, to date, Plaintiffs have not submitted any opposition.

---

1 On or about May 23, 2007, Plaintiffs voluntarily dismissed from the case with prejudice Eckardt Johanning, M.D., Charles Silver, and Marie Malazzo, three individuals who had been named as Defendants in the Complaint and/or the Amended Complaint. (See Order of Discontinuance, dated May 23, 2007, at 1–2; Order of Dismissal, dated June 1, 2007, at 1–2; see also Tr. of Proceedings, dated May 23, 2007, at 3:5 to 5:25, 7:1–17.) On or about July 11, 2007, Plaintiffs voluntarily dismissed from the case with prejudice Robert Leighton, Adam McGreevy, and Leighton Associates, Inc., two individuals and one corporate entity that had been named as Defendants in the Amended Complaint. (See Order of Discontinuance, dated July 11, 2007, at 1; see also Tr. of Proceedings, dated July 11, 2007, at 4:16 to 6:2.)

2 In support of their joint motion to dismiss, Moving Defendants submitted affidavits from Maria I. Beltrani, dated August 8, 2007 ("Beltrani Aff."), Wendy Gold, dated August 7, 2007 ("Gold Aff."), Neil Rappaport, dated July 31, 2007 ("Rappaport Aff."), Patrick Higgins, dated August 6, 2007 ("Higgins Aff."), and Wellington Cabrera, dated August 6, 2007 ("Cabrera Aff.").

In lieu of a reply, Moving Defendants submitted a letter, dated September 25, 2007, requesting that "the Court consider [Moving Defendants' motion to dismiss] fully briefed and that it be decided based upon the moving papers." (Letter from Debra M. Schoenberg to Hon. Richard M. Berman, dated Sept. 25, 2007, at 1.)

**For the reasons stated below, Moving Defendants' motion to dismiss is granted.**

## II. Legal Standard

While district courts read the pleadings of a pro se plaintiff "liberally, and will interpret them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), a plaintiff's "pro se status does not exempt [her] from compliance with relevant rules of procedural and substantive law." Krepps v. Reiner, No. 05 Civ. 107, 2005 WL 1793540, at *2 (S.D.N.Y. July 27, 2005) (citation omitted).

When a defendant raises a Rule 12(b)(5) "challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." Preston v. New York, 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002). Similarly, on a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), "the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir.1999).

"Dismissal for failure to state a claim [pursuant to Rule 12(b)(6)] is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (citation and internal quotation omitted).

## III. Analysis

### (1) Improper Service of Process

Moving Defendants argue that "Plaintiffs utterly fail to comply with the rules governing service of process under the FRCP and the directives of this Court," (Defs.' Mem. at 8), in that the Complaint was never personally served upon Moving Defendants, nor was the Complaint ever properly served by mail. (See Gold Aff. ¶¶ 10–11; Rappaport Aff. ¶¶ 3–5; Higgins Aff. ¶ 3; Cabrera Aff. ¶ 3.) Plaintiffs have failed to rebut these claims of improper service and, thus, have "not met [their] burden, and the Court must conclude that service on . . . Defendants was, in fact, improper, or in certain instances not attempted at all." Palmeri v. Town of Babylon, No. 01 Civ. 1399, 2006 WL 1155162, at *3 (E.D.N.Y. Jan. 6, 2006); see also Fed. R. Civ. P. 4(e)–(f), (m); N.Y. C.P.L.R. 308, 311–12, 312-a; N.Y. Bus. Corp. Law § 306–07. "Although, personal service by mail is permitted under CPLR section 312-a, there is no evidence that [P]laintiff[s] included an acknowledgment of receipt of service form, or that . . . [D]efendants executed such an acknowledgment, as required by that provision."[3] Sunbear Sys. v. Schaffhauser, No. 98 Civ. 1500, 1998 WL 265239, at *1 (S.D.N.Y. May 26, 1998). And, the docket reflects that Plaintiffs did not file a certificate of service indicating that Defendants were properly served. See Fed. R. Civ. P. 4(*l*); see also Palmeri, 2006 WL 1155162, at *3.

Plaintiffs were given several opportunities to effect proper service. For example, at a conference held on May 23, 2007, the Court explained to Plaintiffs that "under the rules you would have had 120 days to serve all the defendants who you want to serve, [but] since you are

[3] It appears that Plaintiffs may have attempted to effect service by mailing to several of the Defendants copies of the summons and a handwritten document, dated March 25, 2007. (See Beltrani Aff. ¶ 4; Beltrani Aff., Ex. A.) This March 25, 2007 document is not the Complaint that Plaintiffs filed with the Court on or about February 9, 2007, nor is it the Amended Complaint that Plaintiffs filed on or about April 2, 2007. (Compare Compl. and Am. Compl. with Beltrani Aff., Ex. A.)

currently pro se, I am going to give you 150 days. So I am going to give you [until] July 6, [2007]. (Tr. of Proceedings, dated May 23, 2007, at 2:24 to 3:2.) And, at a conference on July 11, 2007, the Court stated that the "last time we were here I indicated that [Plaintiff] would have until July 6, 2007 to serve all [D]efendants, and I gave notice, particularly because she is appearing pro se, that her case would be dismissed against [D]efendants who had not been served or been properly served by that date." (Tr. of Proceedings, dated July 11, 2007, at 2:2–9.)

**(2) Failure to State a Claim**

Assuming, arguendo, that Plaintiffs had demonstrated that Defendants were properly served, the Complaint must be dismissed because, as Moving Defendants argue, "the Complaint is largely unintelligible and does not set forth any allegations to determine any cause of action against Defendants." (Defs.' Mem. at 10–11.) The Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs do not disclose sufficient information to permit Defendants "to have a fair understanding of what [Plaintiffs are] complaining about and to know whether there is a legal basis for recovery." Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991) (citation omitted). Dismissal is warranted as to all Defendants because Plaintiffs' Complaint is "so confused, ambiguous, vague, [and] otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted); see also Wachtler v. County of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994) (district court may dismiss a complaint sua sponte, for failure to state a claim, as to non-moving defendants).

## IV. Conclusion and Order

For the reasons stated herein, Moving Defendants' motion to dismiss [Dkt. #15] is granted with prejudice. The Complaint is dismissed in its entirety and the Clerk is respectfully requested to close the case.

Dated: New York, New York
October 18, 2007



**RICHARD M. BERMAN, U.S.D.J.**